# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WEIH STEVE CHANG, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N24C-04-220 RHR |
| | ) | |
| BISHOP FRANCIS MALOOLY of the | ) | |
| Catholic Diocese of Wilmington, | ) | |
| FATHER JOHN MINK, SISTER | ) | |
| VIRGINIA PFAU and CARMELITA | ) | |
| MENTON of Saint Ann, CHRISTINE | ) | |
| DEMSEY of Immaculate Heart of Mary, | ) | |
| DESALES HALEY of Resurrection, | ) | |
| BARRY MULLINS of Catholic Youth | ) | |
| Ministry, JANICE TIGANI of Saint | ) | |
| Helena, VALERIE FARNAN of Saint | ) | |
| Mary Magdalen, and unnamed church | ) | |
| personnel, in their individual, diocesan, | ) | |
| and governmental capacities, jointly | ) | |
| and severally, | ) | |
| Defendants. | ) | |

Submitted: May 4, 2026
Decided: July 29, 2026

## <u>ORDER DENYING PLAINTIFF'S MOTION TO AMEND</u>

This 29th day of July, 2026, upon consideration of plaintiff Weih Steve Chang's motion to amend his complaint, it appears to the court that:

1.     Chang filed a "Verified Organized Crime and Racketeering Complaint" *pro se* on April 25, 2024, alleging a "criminal collaboration between the Catholic Church and various state and local entities" to cover up widespread child abuse

committed by the Catholic Church.[1] The defendants were: Bishop Francis Malooly, Father John Mink, Sister Virginia Pfau, Carmelita Menton, Christine Demsey, Desales Haley, Barry Mullins, Janice Tigani, Valerie Farnan, and "unnamed church personnel in their individual, diocesan, and governmental capacities."

2.      Chang's complaint alleged that his children were sexually abused by Menton between November of 2012 and September of 2013. Chang asserted claims based on Delaware and federal Racketeer Influenced and Corrupt Organizations Act ("RICO") laws and common law fraud against various clergy members and others connected to the Catholic Diocese of Wilmington ("CDOW") whom Chang believed to have played a role in concealing Menton's abuse.

3.      On May 30, 2025, this court issued a memorandum opinion granting defendants Bishop Malooly and Father Mink's motion to dismiss, as well as Demsey, Haley, Tigani, and Farnan's motions to dismiss.[2]

4.      The motions to dismiss were granted on the grounds that all of Chang's claims exceeded the statute of limitations. This court explained that Chang was aware of the alleged abuse by September 16, 2013, and any alleged concealment of the abuse by September 18, 2013. Chang's filing of the complaint in April of 2024

---

[1] D.I. 1, Pl.'s Compl.

[2] D.I. 26, Defs. Bishop Francis Malooly and Father John Mink's Mot. to Dismiss; D.I. 28, Def. Christine Demsey's Mot. to Dismiss; D.I. 41, Defs. DeSales Haley, Janice Tigani, and Valerie Farnan's Mot. to Dismiss; D.I. 49, Mem. Op.

therefore surpassed the respective three-, four-, and five-year limitations periods associated with his RICO and fraud claims. This court also found that the limitations periods were not tolled.

5.      On June 11, 2025, this court sent a letter to Chang asking for a status update within thirty days because the case could not proceed based on incomplete service of process and a lack of action against defendants Menton, Sister Pfau, Mullins—who were believed to be deceased—and the unnamed CDOW church personnel.[3]

6.      Chang did not initially reply to the court's June 11 letter and on June 27, 2025, he appealed the court's May 2025 opinion to the Delaware Supreme Court.[4]

7.      While his appeal was pending, on July 17, 2025, Chang filed a response to this court's June 11 letter asking to amend the complaint to add the CDOW as a defendant and filed a motion for enlargement of time to serve the CDOW.[5] He also argued that Menton, Pfau, and Mullins were essential to the action because their conduct advanced the RICO enterprise. As to the unnamed church personnel, Chang claimed that service of process upon the CDOW and limited discovery were required before he could establish association-in-fact against those unnamed persons.

---

[3] D.I. 50.
[4] D.I. 51.
[5] D.I. 54; D.I. 55.

8. This court sent Chang a letter on August 7, 2025, stating that it no longer had jurisdiction because of the appeal and, therefore, all open matters were stayed pending its outcome.[6]

9. The Supreme Court dismissed Chang's appeal on October 3, 2025, because the appeal was interlocutory and Chang had not complied with Supreme Court Rule 42.[7]

10. After the appeal was dismissed, this court sent a letter to Chang on November 21, 2025, requesting that he clarify what matters remained outstanding.[8]

11. Chang responded on December 24, 2025, stating that he wanted to amend the complaint to add additional defendants, including the CDOW, and that he would do so by January.[9] Chang also sought the addition of two individual "to-be-named" defendants, one of whom was an employee of the City of Wilmington, and the other who was an employee of the United States government. Chang asserted that the State's defense of several of the individual defendants—State employees who also happened to belong to the Catholic Church—raised constitutional questions.

---

[6] D.I. 58.
[7] D.I. 62.
[8] D.I. 63.
[9] D.I. 64.

12. Chang also stated in his response that he was not opposed to the court dismissing claims against the deceased defendants or their estates.

13. Chang did not file a motion to amend in January. After the court inquired into Chang's intention to file an amended complaint and reminded him of the proper procedures on April 2, 2026, Chang filed the present motion to amend his complaint on May 4, 2026.[10]

14. In the proposed amended complaint, Chang adds the CDOW along with Lisa Hemphill and Jennifer Lynne Hall to the caption. Chang removes Menton, Pfau, and Mullins from the caption and any reference to them as defendants throughout the complaint.

15. Chang does not raise additional claims against the CDOW because much of the original complaint's allegations were framed as against the CDOW even though it was not a named party.

16. In his claims against the two additional individual defendants, Chang explains that Hemphill volunteered at two Catholic churches while also serving as the administrative assistant to the Chief of the City of Wilmington Police Department. Chang alleges that Hemphill—along with Mullins, Tigani, and Farnan—helped obstruct possible criminal investigations against the CDOW and its employees.

---

[10] D.I. 69; D.I. 70, Pl.'s Mot. to Am. Compl.

17.     Chang claims that Hall is related to Farnan and was also an assistant United States attorney general who held the "highest authority or held the most important position in federal law enforcement for the District of Delaware."[11] Chang claims this relation violates federal conflict-of-interest rules.

18.     Chang adds an additional count solely against Hall, which he labels as "COUNT V: Supporting, Aiding, And Abetting RICO Defendant(s)."[12] Chang alleges that Hall violated 11 *Del. C.* § 1501 by supporting Farnan, threatening to file a motion to dismiss against Chang on behalf of the United States, and fulfilling her threat by filing the motion to dismiss on grounds that Chang forced his children to lie about the allegations because of a custody dispute. Chang states that by failing to disclose her relation to Farnan, Hall acted with dishonesty and intended to mislead the court.

19.     Chang makes various additional changes to the original complaint by, for example, elaborating on arguments under paragraphs relating to the original defendants and changing word choice.

20.     Chang argues that this court should grant his motion to amend because there is no undue delay, bad faith, or dilatory motive. He states that the amendments do not unduly prejudice the defendants and are not futile.

---

[11] D.I. 70, Pl.'s Mot. to Am. Compl., ¶ 25.
[12] D.I. 70, Pl.'s Mot. to Am. Compl., Ex. A at ¶ 177.

21. Superior Court Civil Rule 15 controls amendments of pleadings and relation back.[13] "If the amending party seeks to add a new party to the action after the running of the applicable statute of limitations, that party must" meet the requirements set forth under Rule 15(c)(3).[14]

22. Here, Chang's claims against the parties he wishes to add rest in RICO and fraud. The statute of limitations for a civil RICO claim is five years in Delaware,[15] and four years for a corresponding claim under federal law.[16] The statute of limitations for fraud runs three years from the time of the injury.[17] As explained in this court's May 2025 opinion, Chang had knowledge of the alleged sexual abuse as of September 16, 2013, and knowledge of attempted concealment by September 18, 2013.[18] This knowledge triggered the start of the limitations periods on those dates. Therefore, the amendments sought are untimely because Chang's motion to amend was filed on May 4, 2026.

23. By seeking to add new parties past the statute of limitations, Chang's amended complaint will only survive if the requirements of Superior Court Civil

---

[13] Del. Super. Ct. Civ. R. 15.

[14] *Ciabattoni v. Teamsters Loc. 326*, 2017 WL 3175617, at *2 (Del. Super. Ct. July 25, 2017); *see also* Del. Super. Ct. Civ. R. 15(c)(3).

[15] 11 *Del. C.* § 1505(f).

[16] *Agency Hldg. Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987).

[17] 10 *Del. C.* § 8106; *see also Jeter v. RevolutionWear, Inc.*, 2016 WL 3947951, at *9 (Del. Ch. 2016).

[18] D.I. 49, Mem. Op., at 6; D.I. 1, Pl.'s Compl., ¶¶ 47, 59-62.

Rule 15(c), governing relation back to the original complaint, are met.[19] This rule, however, is not applicable if the proposed amendments have nothing to relate back to.[20]

24.     Where an original complaint is untimely, "it is a nullity."[21] Here, the original complaint was found untimely, as discussed in this court's May 2025 opinion. The original complaint far exceeded the statute of limitations periods and there were no facts that supported tolling.

25.     Therefore, because the original complaint was untimely and the proposed amendments cannot relate back to it, the motion to amend must be denied.[22]

26.     Even if the proposed amendments could relate back to the original complaint, the amendments are, nevertheless, futile.

27.     "Although Rule 15 provides that leave to amend a complaint should be 'freely given,' leave to amend should be denied when the proposed amendment would be futile."[23] A motion to amend "is futile where the amended complaint would be subject to dismissal under Rule 12(b)(6) for failure to state a claim."[24]

---

[19] Del. Super. Ct. Civ. R. 15(c); *see also Hall v. GEICO Advantage Ins. Co.*, 2021 WL 391335, at *2 (Del. Super. Ct. Feb. 3, 2021).
[20] *Farmer v. Brosch*, 2010 WL 1266855, at *2 (Del. Super. Ct. Mar. 31, 2010).
[21] *Id.*
[22] *Id.* (finding that where the original complaint was not filed within the statute of limitations, there was nothing for the motion to amend to relate back to, therefore, denying the motion).
[23] *Clark v. State Farm Mut. Auto. Ins. Co.*, 131 A.3d 806, 811 (Del. 2016).
[24] *Id.* at 811-12.

28. The claims asserted against the parties Chang seeks to add would be barred by the respective statutes of limitations, as discussed above, resulting in dismissal under a Rule 12(b)(6) motion.

29. All other changes proposed in the amended complaint that could affect the original defendants are likewise futile because the action was dismissed as to those defendants in this court's May 2025 opinion.

30. Additionally, as noted in this court's June 11, 2025 letter, this case was unable to proceed against the deceased and unnamed defendants based on incomplete service of process or a lack of action. Because those issues remain, this court dismisses the complaint vis-à-vis the original defendants Menton, Pfau, Mullins, and unnamed church personnel.

31. Under Superior Court Civil Rule 4(j):

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.[25]

32. Service was attempted on the deceased defendants Pfau, Menton, and Mullins but was returned *mortuus est* on May 3, 2024.[26] Service was not attempted on those defendants' estates or representatives. Chang ultimately concluded that he

---

[25] Del. Super. Ct. Civ. R. 4(j).
[26] D.I. 10; D.I. 11; D.I. 12.

did not oppose dismissing the deceased defendants.[27] The complaint is dismissed as to the deceased defendants Menton, Pfau, and Mullins.[28]

33.    Service was never made on any unnamed church personnel. Chang argued that those defendants could not be identified until the CDOW was added and discovery commenced. Fictitious names cannot be used as placeholders until a plaintiff can discover the identities of potential defendants.[29] Use of such names has no legal effect.[30] The complaint against the unnamed church personnel is moot.

34.    It is evident that Chang's original complaint and motion to amend were both filed far past the statute of limitations periods applicable to RICO and fraud claims. Chang's claims against, and his attempt to add, new parties to this action are, therefore, barred.

THEREFORE, Chang's motion to amend his complaint is DENIED. With this denial of the motion to amend, and this court's previous May 2025 memorandum opinion dismissing certain defendants, this complaint, in its entirety, is hereby DISMISSED.

**IT IS SO ORDERED.**

/s/ Robert H. Robinson, Jr.
Robert H. Robinson, Jr., Judge

---

[27] D.I. 64.
[28] *See generally Ellis v. Davis*, 1997 WL 527941, at *3 (Del. Super. Ct. July 22, 1997).
[29] *See Murphy v. Walters*, 2025 WL 3162346, at *2-3 (Del. Super. Ct. Nov. 12, 2025).
[30] *Id.* at *2.